UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61264-Cv-SEITZ
            (07-60024-Cr-SEITZ)
MAGISTRATE JUDGE P. A. WHITE

JOSE ADALBERTO-DIAZ,          :

            Movant,           :          REPORT OF
                                         MAGISTRATE JUDGE
v.                            :

UNITED STATES OF AMERICA,     :

            Respondent.       :
_____

<u>Introduction</u>

This matter is before the Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for illegal re-entry after deportation, entered following a guilty plea in 07-60024-Cr-Seitz.

The Court has reviewed the motion with attached memorandum of law (Cv-DE#1), the government's response (Cv-DE#6), the movant's reply (Cv-DE#8), the Presentence Investigation Report (PSI) and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded <u>pro se</u> litigants pursuant to <u>Haines v. Kerner</u>, 404 U.S. 419 (1972), the movant appears to raise the following claims in his §2255 motion:

1.  The movant was denied effective assistance of counsel when his attorney failed to challenge the two point increase in his criminal history pursuant to U.S.S.G. §4A.1(e). (Cv-DE#1:4).

1

2.    The movant was denied effective assistance of counsel when his attorney failed to challenge the duplicitous criminal history points assessed in the PSI. (Cv-DE#1:6).

3.    The movant was denied effective assistance of counsel when his attorney failed to include in his appellate brief, a request for remand in light of amendment 709 of the United States Sentencing Guidelines. (Cv-DE#1:7).

4.    The district court erred when it relied upon inaccurate facts when sentencing the movant. (Cv-DE#1:8).

## Procedural History

The procedural history of the underlying criminal case reveals that on January 30, 2007, the federal grand jury returned a one count Indictment charging the movant with illegal re-entry after deportation, in violation of 8 U.S.C. §1326(a) and (b)(2). (Cr-DE#1).

On April 11, 2007, the movant, without a plea agreement, pleaded guilty as charged. (Cr-DE#17).

Prior to sentencing, a PSI was prepared wherein the probation officer determined that an offense involving illegal re-entry after deportation had a base offense level of eight. (PSI¶9). Moreover, because the movant was previously deported or unlawfully remained in the United States after a conviction for drug trafficking offenses, the offense level was increased by 16 levels. (PSI¶10).

2

Notwithstanding, because he clearly demonstrated acceptance of responsibility for his offense, his offense level was decreased by three levels. (PSI¶16). The total offense level was set at 21. (PSI¶18).

The probation officer further determined the movant had a subtotal of 19 criminal history points. (PSI¶31). Moreover, because he committed the offense less than two years from release from custody, two points were added. (PSI¶32). Thus, he had a total of 21 criminal history points and a criminal history category of VI. (PSI¶33). Based on a total offense level of 21 and a criminal history category of VI, his guideline imprisonment range was 77 to 96 months. (PSI¶66).

On July 31, 2007, the movant appeared for sentencing wherein the district court sentenced him to 77 months imprisonment, followed by 3 years of supervised release and $100 special assessment. (Cr-DE#30). The Clerk entered judgment on July 31, 2007. (Cr-DE#31). A timely notice of appeal was filed on August 7, 2007. (Cr-DE#32). On April 23, 2008, the Eleventh Circuit, per curiam, in an unpublished opinion, affirmed the movant's sentence. (Cr-DE#41). Although the movant filed a petition for writ of certiorari, the United States Supreme Court denied the petition on October 14, 2008. Thus, the judgment of conviction in the underlying criminal case became final at the latest on October 14, 2008, when certiorari review was denied by the Supreme Court.[1]

---

[1]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir.

See <u>United States v. King</u>, et al., 66 Fed. Appx. 844 (11th Cir. 2003)(table), cert. den'd, 540 U.S. 902 (2003). The motion to vacate was timely filed, less than one year later, on August 7, 2009. (Cv-DE#1).

## Discussion of Claims

As will be demonstrated in more detail <u>infra</u>, the movant is not entitled to vacatur on any of the claims presented.[2] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner a fundamentally fair trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See <u>Fuller v. Roe</u>, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), <u>overruled on other grounds</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000). <u>See also</u> <u>United States v. Rivera</u>, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See <u>Lockhart v. Fretwell</u>, 506

---

2003).

[2]Briefly, the evidence against the movant was more than sufficient to support his conviction. The movant has not shown that the result of the underlying criminal proceedings would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to <u>Strickland</u> has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that the movant received a fair trial, and that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to habeas corpus relief in this collateral proceeding.

U.S. 364, 369-70 (1993).

Specifically, the movant challenges counsel's effectiveness. Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard to the movant. See Massaro v. United States, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a movant must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001) ; Strickland v. Washington, 466 U.S. 668 (1984). Moreover, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayance, ____ U.S. ____, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009). In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires us to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (quoting Strickland v. Washington, 466 U.S. at 689-90.

When assessing a lawyer's performance, "[C]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance."

<u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), <u>quoting</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11th Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. <u>Strickland</u>, 466 U.S. at 698.

The Eleventh Circuit will not "second-guess counsel's strategy." <u>Chandler</u>, 218 F.3d at 1314, n.14. Strategic choices, even those "made after less than complete investigation," are evaluated for their reasonableness and "counsel's reliance on particular lines of defense to the exclusion of others--whether or not he investigated those other defenses--is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." <u>Chandler</u>, 218 F.3d at 1318 (<u>quoting</u> <u>Strickland</u>, 466 U.S. at 690-91).

The courts "are not interested in grading lawyers' performances;" but rather, "are interested in whether the adversarial process at trial . . . worked adequately." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)(quotation marks omitted). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that [the petitioner's] counsel did take." <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001)(emphasis omitted). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown

that no reasonable lawyer, in the circumstances, would have done so." <u>Rogers v. Zant</u>, 13 F.3d at 386.

Under the second prong of the test set forth in <u>Strickland</u>, the movant can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. Rather, the movant must demonstrate that "there is a reasonable probability that, absent [counsel's] errors, the jury would have had a reasonable doubt regarding [his] guilt." <u>Blackburn v. Foltz</u>, 828 F.2d 1177, 1186 (6th Cir. 1987), <u>cert. den'd</u>, 485 U.S. 970 (1988), <u>see also</u>, <u>Montgomery v. Petersen</u>, 846 F.2d 407, 416 (7th Cir. 1988).

Moreover, **claim four** of this collateral proceeding could have been, but was not raised on direct appeal. Because the claim was not raised on direct appeal, it is procedurally barred from review in this collateral proceeding unless the movant can show cause for the default and actual prejudice, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, <u>Engle v. Isaac</u>, 456 U.S. 107 (1982). Constitutionally ineffective assistance of counsel can constitute cause. <u>See</u> <u>Holladay v. Haley</u>, 209 F.3d 1243, 1253 (11th Cir. 2000), <u>citing</u>, <u>Hollis v. Davis</u>, 941 F.2d 1471, 1476 (11th Cir.1991), <u>citing</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)); <u>see also</u>, <u>United States v. Breckenridge</u>, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

7

The movant, in this collateral proceeding, neither shows cause for failing to raise the issue on direct appeal nor does he show any actual prejudice as a result therefrom. Accordingly, the movant's claim is without merit and as such, it is barred from review.

In **claim one**, the movant asserts he was denied effective assistance of counsel when his attorney failed to challenge the two point increase in his criminal history for having committed the offense less than two years from having been released from a prior sentence, pursuant to U.S.S.G. §4A1.1(e). (Cv-DE#1:4). After the movant informed counsel that he mistakenly allocuted to the wrong date of re-entry, counsel assured him the discrepancy would be remedied.

Section 4A1.1(e) of the United States Sentencing Guidelines permits for the assessment of three points for each prior sentence of imprisonment exceeding one year and one month.

On December 5, 2002, the movant was adjudicated guilty for trafficking cocaine and was sentenced to over one year and one month of imprisonment. (PSI¶30). Thereafter, on April 4, 2004, he was released and subsequently deported on June 3, 2004. (Id.). Notwithstanding, the movant illegally returned to the United States no later than October 22, 2005.[3] (PSI¶38). Accordingly, the movant

---

[3] Paragraph 38 of the PSI states:

A review of the defendant's traffic record maintained by the State of Florida, Department of Highway Safety & Motor Vehicles (DHSMV) under the name of Jose Adalberto Diaz, a license number D200-421-64-324-0, revealed his driver's license was issued on December 15, 2000. *Furthermore, six minor traffic infractions were found between January 6, 2001 and October 22, 2005.* Four of these infractions were adjudication withheld, two were convictions and

committed the offense of the underlying criminal case less than two years from release from custody, thus two points were properly added to his criminal history.

To the extent the movant argues counsel was deficient in failing to object to the foregoing facts as set forth in the plea agreement, this claim is without merit.  A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Strickland, supra</u>. Despite the movant's contentions and his "after-the-fact" assertion that he did not return to the United States until October of 2006, he nonetheless fails to demonstrate he suffered any prejudice as a result of counsel failing to pursue this claim.

Even if the movant is correct in that he was improperly assessed two points, the movant's sentence remains unchanged. As may be recalled, the movant had 19 criminal history points without consideration of the additional points pursuant to U.S.S.G. §4A1.1(e). Thus, the movant, without the additional two points, would still have received a criminal history category of VI, resulting in the same sentencing guideline range. Under these circumstances, the movant cannot establish prejudice, pursuant to <u>Strickland</u>, <u>supra</u>.

In **claim two**, the movant asserts he was denied effective assistance of counsel when his attorney failed to challenge the duplicitous criminal history points assessed in the PSI. (Cv-DE#1:6).

---

three points were assessed. This driver's license is currently valid.

(PSI¶38)(emphasis added).

According to the movant, counsel failed to argue, at trial and on appeal, that two of his prior convictions, which he was sentenced for on the same day, were consolidated for sentencing and therefore should have been counted as one conviction. (Cv-DE#1:6).

Notwithstanding his vague and unsupported assertion, the movant provides no order or other objective evidence in support of this allegation. Under these circumstances, such a conclusory allegation, bereft of record support, is subject to summary dismissal. Machibroda v. United States, 368 U.S. 487 (1962). Moreover, no showing has been made that even if counsel had raised this objection, that it would have been sustained by the court, resulting in an adjustment to the movant's criminal history category. Thus, the movant cannot establish prejudice pursuant to Strickland arising from counsel's failure to pursue this claim.

Likewise, the Eleventh Circuit has previously rejected this same argument. United States v. Guerrier, 2008 WL 465544, *2-3 (11th Cir. 2008; United States v. Martinez, 320 F.3d 1285 (11th Cir. 2003), citing, United States v. Huskey, 137 F.3d 283, 286-88 (5th Cir. 1998)(Cases are not generally consolidated when they receive separate docket numbers or separate judgments. In order to find that cases were consolidated, cases must be formally consolidated by an order or "functionally consolidated," where the "convictions were 'factually or logically related, and sentencing was joint.'") See also, United States v. Buford, 201 F.3d 937, 940 (7th Cir. 2000), aff'd, 532 U.S. 59 (2001).

The Eleventh Circuit has held that "if the prior convictions result[] from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." United States v. Rice, 43 F.3d 601,

605 (11th Cir. 1995). Acts that "are separate in time and locale and [are] acts requiring separate planning and execution" will not constitute "related convictions." Id. at 608 (quotations omitted).

In Rice, the district court enhanced the defendant's sentence based on three prior convictions for drug-related conduct from the fall of 1978. Id. at 603-04. On appeal, the defendant argued, inter alia, that his convictions should have been counted as a single conviction because, although he had been convicted and sentenced by three separate courts for separate incidents that involved different conduct and occurred on different days in different states, "he [had] received concurrent sentences which he served in a single state institution." Id. at 606. The Eleventh Circuit, however, rejected that argument, reasoning that "[t]o hold otherwise would be overbroad and fail to promote the actual purpose of sentence enhancement under section 841(b)(1)(A)--to punish recidivism." Id. Notwithstanding, the Eleventh Circuit has held that drug distribution offenses do not constitute a common scheme or plan simply because they were part of a single conspiracy or the focus of a single investigation. See Id. at 607-08. "Because the best marker of recidivism is repetition over time, . . . convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)." Id. at 608; see also, United States v. Griffin, 109 F.3d 706, 708 (11th Cir. 1997)(per curiam)(holding that a sentence was properly enhanced under §841(b)(1)(A) where the two prior felony convictions relied upon by the district court occurred six days apart and were consolidated for sentencing).

Pursuant to U.S.S.G. §4A1.2, App. Note 3, prior sentences are not considered related or "functionally consolidated" if they were offenses that were separated by an intervening arrest. Although the

11

movant correctly argues he was sentenced on the same day for two prior convictions, said convictions were nonetheless properly assessed three criminal history points each. In this case, the PSI reveals that the three prior convictions utilized by the probation officer all arose from different arrests for three separate drug related crimes; namely: (1) on November 18, 1992 he was arrested for sale or transportation of a controlled substance; (2) on January 12, 1993 he was arrested for sale or transportation of a controlled substance; and (3) on January 26, 1993 he was arrested for possession for sale of a controlled substance. (PSI ¶¶23,24,25). On May 13, 1994, the movant was sentenced to four years in state prison on each of the three drug related charges to run concurrent with one another. (<u>Id.</u>). It is evident that the prior convictions arose from different arrests, were also separate in time, and were therefore properly assessed three criminal history points each. Thus, no deficient performance or prejudice has been established arising from counsel's failure to pursue this nonmeritorious issue.

Moreover, the movant fails to establish that there was an order entered in the state forum formally consolidating any of the prior state offenses. Absent a showing that a formal order was entered, the assessment of points was lawful. Consequently, no deficient performance or prejudice has been demonstrated in this regard stemming from counsel's failure to pursue this issue at sentencing. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

In **claim three**, the movant asserts he was denied effective assistance of counsel when his attorney failed to include in his appellate brief, a request for remand in light of amendment 709 of the United States Sentencing Guidelines. (Cv-DE#1:7).

The Sentencing Commission adopted Amendment 709, effective November 1, 2007, which addressed the computation of criminal history scores in two areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences (previously called "related sentences") and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term. <u>See</u> U.S.S.G., App. C, Amend. 709.

Under this amendment, a court must count prior sentences as "separate" sentences when there is an intervening arrest, *i.e.*, the defendant is arrested for the first offense prior to committing the second offense. If there was not an intervening arrest, the prior sentences are still counted as "separate" sentences unless the sentences were for offenses that were named in the same charging document or the sentences were imposed on the same day. Notwithstanding the movant's contentions, after a review of the PSI, it is evident that Amendment 709 does not affect his sentence as all of his prior felonies assigned criminal history points were separated by intervening arrests.

## Evidentiary Hearing

Any request for evidentiary hearing with respect to the foregoing claims should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported, generalizations or affirmatively contradicted by the record. <u>See</u> <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 23rd date of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Jose Adalberto-Diaz, <u>Pro Se</u>
     Reg. No. 79326-004
     Adams County Correctional Center
     P.O. Box 1600
     Washington, MS 39190

     Anne Ruth Schultz, AUSA
     United States Attorney's Office
     99 NE 4 Street
     Miami, FL 33132

     Lynn Dena Rosenthal, AUSA
     United States Attorney's Office
     7795 SW 6th Street
     2nd Floor
     Plantation, FL 33324